IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Gene D. Kendrick,<br><br>    Petitioner,<br><br>v.<br><br>Warden Cartledge,<br><br>    Respondent. | Civil Action No.:2:10-2600-RBH-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

  The Petitioner, a state prisoner, seeks habeas relief pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Respondent's Motion for Summary Judgment. (Dkt. # 18.)

  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

  The Petitioner brought this habeas action on October 1, 2010.[1] (Dkt. # 1.) On January 19, 2011, the Respondent moved for summary judgment. (Dkt. # 18.) By order filed January 20, 2010, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. # 20.) On March 21, 2011, the Petitioner filed a response opposing the Respondent's Summary Judgment Motion. (Dkt. # 31.)

---

[1] This filing date reflects that the envelope containing the petition was stamped as having been received on October 1, 2010, at the McCormick Correctional Institution mailroom. (Pet. Attach. # 7.) *Houston v. Lack*, 487 U.S. 266 (1988)(holding prisoner's pleading is considered filed when filed with prison authorities for forwarding to the district court). The undersigned notes that the Respondent erroneously states that there is not an envelope in the record. (Resp't's Mem. Supp. Summ. J. Mot. 22 n.4.) In any event, however, the Respondent uses the same filing date reflected on the envelope, October 1, 2010. *Id.*

## **PROCEDURAL HISTORY**

The Petitioner is currently confined at the McCormick Correctional Institution ("MCI"). On December 13, 2000, the Petitioner waived presentment of an indictment for murder and pled guilty to voluntary manslaughter. (Return Attach. # 1 - App. 6-10.) The Petitioner was represented by Public Defenders Harry Dest and Michael Hitchcock. (App. 1-44.) The Honorable Lee Alford sentenced the Petitioner to thirty years. (App. 43.)

The Petitioner timely filed an appeal. (Return Attach. # 3.) On appeal, the Petitioner was represented by Appellate Defender Joseph L. Savitz, III. In an *Anders*[2] brief, appellate counsel argued the judge erred by informing the Petitioner that he had the right to appeal his guilty plea "if you disagree with the proceeding in which we're currently involved." (Return Attach. # 4.) The Petitioner argued this advice rendered the plea conditional. The Petitioner did not file a pro se response to the *Anders* Brief. On April 2, 2002, the South Carolina Court of Appeals dismissed the Petitioner's appeal in an unpublished opinion. (Return Attach. # 6.) However, on that same date, the Petitioner requested that his appeal be dismissed. (Return Attach. # 7.) The court granted the Petitioner's request on April 16, 2002. (Return Attach. # 8.)

On January 13, 2003, the Petitioner filed an application for post-conviction relief ("PCR"). (Return Attach. # 2 - App. 49-57.) The Petitioner alleged that his plea counsel was ineffective for failing to inform him of the charge in the plea process and improperly advising him that he would receive a sentence recommendation of five to seven years. (App. 55- 6.) The Petitioner also asserted his guilty plea was involuntary because plea counsel failed to inform him of the difference between a plea agreement and a recommendation. (App. 56-7.)

On June 28, 2005, an evidentiary hearing was held before the Honorable John C. Hayes. (App. 63-88.) The Petitioner was present and represented by James W. Hancock,

---

[2]*Anders v. California*, 386 U.S. 738 (1967).

Esquire. *Id.* On June 30, 2005, the PCR Court dismissed the Petitioner's PCR action. (App. 89-92.)

The Petitioner timely filed an appeal. (Return Attach. # 9.) On appeal, the Petitioner was represented by Appellate Defender Robert M. Packak who filed a *Johnson* petition raising the issue of whether the Petitioner's guilty plea complied with the mandates set forth in *Boykin v. Alabama*. (Return Attach. # 11.) The Petitioner did not file a pro se response to the *Johnson* petition. On September 11, 2007, the South Carolina Supreme Court denied the petition and granted counsel's request to withdraw. (Return Attach. # 15.) The remittitur was issued on September 27, 2007. (Return Attach. # 16.)

On April 9, 2008, the Petitioner filed a second PCR application raising subject matter jurisdiction and ineffective assistance of counsel. (Return Attach. # 17.) The Petitioner specifically alleged that there was a defect in the indictment and appellate counsel should have raised more issues in the PCR appeal. On September 8, 2008, the PCR Court filed a Conditional Order of Dismissal finding that the PCR application was successive to the Petitioner's prior PCR application. (Return Attach. # 20.) The Petitioner was granted twenty days to show why the Conditional Order should not become final. *Id.* On September 5, 2008, the Petitioner filed a Return and Motion to Stay. (Return Attach. # 21.) On November 5, 2008, the PCR Court filed its Final Order dismissing the Petitioner's second PCR application. (Return Attach. # 22.)

On October 20, 2008, the Petitioner filed an appeal of the Conditional Order filed by the PCR Court. (Return Attach. # 23.) On November 7, 2008, the South Carolina Supreme Court dismissed the Appeal. (Return Attach. # 25.) The Court noted that because the August 28, 2008, order was a conditional order of dismissal which was not appealable, the notice of appeal was dismissed without prejudice to the Petitioner's right to timely serve and file an appeal from the final order. *Id.* The Remittitur was sent down on November 25, 2008. (Return Attach. # 26.)

On March 17, 2009, the Petitioner filed a third PCR application asserting subject matter jurisdiction and ineffective assistance of counsel. (Return Attach. # 27.) On January 29, 2010, the Petitioner filed a supplemental pleading asserting a claim of ineffective assistance of appellate counsel for failing to raise the issue of subject matter jurisdiction. (Return Attach. # 29.) On April 29, 2010, the PCR Court filed a Conditional Order of Dismissal finding that the PCR application should be dismissed as successive. (Return Attach. # 31.) The Petitioner was given twenty days to show why this Order should not become final. *Id.* On June 2, 2010, the Petitioner filed objections to the Final Proposed Order. (Return Attach. # 34.) On June 15, 2010, the PCR Court dismissed Petitioner's PCR application finding that a sufficient reason had not been shown why the Conditional Order of Dismissal should not become final. (Return Attach. # 35.)

The Petitioner timely filed and served a Notice of Appeal. (Return Attach. # 36.) On September 9, 2010, the South Carolina Supreme Court dismissed the appeal finding that the Petitioner had failed to show that there was an arguable basis for asserting that the determination by the lower court was improper. (Return Attach. # 38.) The remittitur was sent down on September 28, 2010. (Return Attach. # 39.)

The Petitioner filed this habeas action raising the following grounds for review:

> **Ground One**: Denial of Due Process 14th Amendment - Refusal of court to apply retroactively
> **Supporting Facts:** A new rule of law was announced that the malice charge cannot be given to a jury just because you have a deadly weapon. If you can show excuse or mitigating circumstances On or about Oct 2009, the Supreme Court of S.C. changed precedent that the court cannot charge implied malice from the use of a deadly weapon if applicant can show just cause, excuse or mitigating circumstances. The Supreme Court of S.C .refuses to retroactively apply this new precedent to guilty plea or jury trial unless on direct appeal denying Petitioner due process of law to retroactive application of the new rule of law.
>
> **Ground Two:** Involuntary guilty plea, clear error of court denial of due process, invalid guilty plea, violation of 6th amendment
> **Supporting Facts:** The trial court did not explain the elements of the offenses of murder and manslaughter, nor did the court explain what the state had to prove beyond a reasonable doubt

in violation of Boykin v. Alabama, court failed to explain the "requisite mens rea" of manslaughter, that malice had to be proven beyond a reasonable doubt, Petitioner stated in open court he did not mean to kill him. Petiener never admitted in open court he understood the elements of the offense.

> **Ground Three:** Ineffective assistance of counsel violation of 6th Amendment, failure to subpeona[sic] witness using compulsary[sic] process
> **Supporting Facts:** did not explain the elements of the offenses or explain malice, coerced me to plead guilty by promising me 5 to 7 years counsel misinformed defendant about elements of the offense, counsel failed to explain in open court what elements he told his client or what the state had to prove failed to withdraw his guilty plea when he claimed he didn't intent to kill victim. Failed to call witnesses.
>
> **Ground Four:** Subject Matter Jurisdiction (lack of)
> **Supporting Facts:** that the indictment claimed defendant killed victim in York County. Victim did not die in York County, victim was in North Carolina after being taken alive for treatment per victim own direction. No murder occurred in York County depriving the court and state of subject matter jurisdiction. subject matter jurisdiction can be raised at any time. There was no envelope with the habeas petition filed in federal court. Thus, Respondent submits the date of filing stamped on the actual petition constitutes the date of filing.

(Dkt. # 1- Habeas Pet.)

## APPLICABLE LAW

**Summary Judgment Standard**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

**HABEAS STANDARD OF REVIEW**

Since the petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2).

Federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings," 28 U.S.C.A. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 398 (2000).  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." *Id.* at 410.

**EXHAUSTION AND PROCEDURAL BAR**

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

A.  Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254 , which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B) (I) there is either an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.

7

> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (C) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and © are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court. The United States Supreme Court has consistently enforced the exhaustion requirement.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. SCAR 207; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). The second avenue of relief is by filing an application for PCR. S.C. Code Ann. § 17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. S.C. Code Ann. § 17-27-90. Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state

relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977); *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983).

      B. Procedural bypass

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, *Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case. *Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has

failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

### C. Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner before this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997)(citing *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991); *Teague v. Lane*, 489 U.S. 288,297-98 (1989); and *George v. Angelone,* 100 F.3d 353,363 (4th Cir. 1996).

### D. Cause and Actual Prejudice

The requirement of exhaustion is not jurisdictional and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). In order to have such claims considered, a petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. 478. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.*

Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

10

He is required to prove that specific errors infected the trial and were of constitutional dimensions. *United States v. Frady*, 456 U.S. 152 (1982).

## **DISCUSSION**

The Respondent contends that this action is barred by the statute of limitations. The undersigned agrees.

The Petitioner pled guilty on March 20, 2002, and he timely appealed. (Return Attach. # 1 - App. 6-10; Attach. # 3.) On April 16, 2002, the South Carolina Court of Appeals granted the Petitioner's request and dismissed the Petitioner's appeal. (Return Attach. # 8.) Accordingly, the limitations period began to run on April 17, 2002, and expired on April 17, 2003, unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. § 2244(d)(2); *see also Hernandez v. Caldwell*, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled").

The Petitioner filed his first application for PCR on January 13, 2003. (Return Attach. # 2 - App. 50.) At that point, 271 days had elapsed leaving the Petitioner 94 days to file for federal habeas relief. The statute of limitations remained tolled until the South Carolina Supreme Court dismissed the Petitioner's PCR appeal and sent down the remittitur on September 27, 2007. (Return Attachs. # 15 &16.) The statute of limitations then began to run again on September 28, 2007.

With 94 days remaining, the Petitioner had until December 31, 2007, to file for federal habeas review. The statute continued to run until the filing of this federal habeas petition on October 1, 2010. The filing of Petitioner's second and third PCR applications did not toll the statute of limitations because they were dismissed as successive and time barred by the respective PCR courts. *Pace v. Diguglielmo*, 544 U.S. 408, 125 S.Ct. 1807 (2005).

11

Although the circumstances are limited, the AEDPA statute of limitations is subject to equitable tolling. *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir. 2000). Recently, the Supreme Court reiterated that "a garden variety claim of excusable neglect," such as a simple "miscalculation" that leads a lawyer to miss a filing deadline does not warrant equitable tolling."  *Holland v. Florida*, ___ U.S. ___, S.Ct. 2549, 2562 (2010)(internal citations omitted). The Court, however, also held the Eleventh Circuit rule that "attorney conduct that is 'grossly negligent' can never warrant tolling absent 'bad faith, dishonesty, divided loyalty, mental impairment or so forth on the lawyer's part" was too rigid. *Id.* at *30.

Prior to *Holland*, the Fourth Circuit applied equitable tolling to extraordinary circumstances such as "those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). The Fourth Circuit's "extraordinary circumstance" test required a petitioner to show "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 251 (4th Cir. 2003).. "The Harris rule is not 'rigid' or mechanical like the rule struck down by the Supreme Court in *Holland.* Rather, *Harris* is in harmony with *Holland's* requirement that a court of equity examine the facts of each case to make a fairness decision, thus avoiding the "evils of archaic rigidity.'" *Ashcraft v. Ballard*, 2010 WL 4977908 (N.D.W.Va. 2010). "[R]eading *Holland* and *Harris* together, in order to establish an entitlement to equitable tolling, a petitioner must show that (1) he has been diligently pursuing his rights and (2) some extraordinary condition external to his own conduct made timely filing impossible if he is to benefit from the doctrine of equitable tolling." *Id.*

Here, the Petitioner argues that he is entitled to the application of equitable tolling because he "did not knowingly, voluntarily, or intelligently waive his rights to raise these claims." (Pet'r's Mem. Opp. Summ. J. at 16.)  He alleges counsel's committed misconduct

12

and conspired with the state to prevent him from raising valid issues which he argues constitutes sufficient cause and prejudice. *Id.*

Based on these facts and reviewing the Petitioner's argument, the undersigned concludes that there is no basis for equitable tolling. Other than the Petitioner's own conclusory allegations there is no evidence that his attorney committed any misconduct, let alone any egregious misconduct. Further, unlike the petitioner in *Holland*, who repeatedly sought to either have his attorney file a federal petition or have him replaced, the Petitioner offers no evidence whatsoever to establish that he has been "pursuing his rights diligently." *Holland,* 130 S.Ct. at 2562 (quotations omitted). The Petitioner did not face any "extraordinary circumstances" which prevented him from filing a federal petition within the statute of limitations, nor did he act with reasonable diligence in pursuing his claims. *Id.*; *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003). Thus, the Petitioner has not met his burden of showing he is entitled to equitable tolling, and thus he is barred from seeking federal habeas relief.

## **CONCLUSION**

For the foregoing reasons, it is recommended that the Respondent's Motion for Summary Judgment (Dkt. # 18) be GRANTED; and the Petitioner's habeas petition be DISMISSED WITH PREJUDICE.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks<br>United States Magistrate Judge

April 4, 2011
Charleston, South Carolina

**The Petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).